HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLEN GRIFFIN,

                Plaintiff,

     v.

THE BOEING COMPANY,

                Defendant.

CASE NO. 13-38 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on defendant, The Boeing Company's ("Boeing") motion for summary judgment.  Dkt. # 49.  Plaintiff, Ellen Griffin, worked at Boeing as an engineer for approximately seven years until Boeing terminated her in March 2013.  Boeing seeks dismissal of her complaint, which alleges: (1) gender discrimination with respect to pay, (2) gender discrimination with respect to an alleged failure to give plaintiff sufficiently challenging work assignments, and (3) discriminatory and/or retaliatory discharge.

1   Having reviewed the memoranda, declarations, exhibits, and the record herein, the

2   court GRANTS defendant's motion for summary judgment.[1]

3                                    **II. BACKGROUND**

4   Boeing hired plaintiff to work as a college intern-student engineer in June 2005.

5   (Vigeland Dec.) Dkt. # 51, ¶ 2.  She was promoted to an Engineer 1 position in January

6   2006 and then promoted again in August 2008 to an Engineer 2 position.  *Id.*, ¶ 3.

7   Throughout her employment with Boeing, plaintiff worked in the Electromagnetic

8   Effects ("EME") Group.  *Id.*, ¶ 2.

9   In 2009-2010, plaintiff received a performance evaluation that indicated she met

10  expectations in most performance categories and exceeded expectations in the area of

11  technical skills and knowledge.  She received below average scores, however, with

12  respect to her communication skills.  Her supervisor remarked that she "continue[d] to

13  struggle [with] working together and effectively communicat[ing] with other engineers,

14  senior engineers, and management."  (Doherty Decl.) Dkt. # 52-1, pp. 2-6.

15  In 2011, plaintiff received a performance evaluation that was similar to her

16  previous evaluation.  She exceeded expectations in the area of technical skills and

17  knowledge, but continued to struggle with her communication skills.  *Id.*, p. 21-25.

18  Plaintiff received "thank you" emails from suppliers, customers and coworkers, some of

19  which expressly acknowledge that plaintiff performed good work.  (Plf. Ex.) Dkt. # 61-7,

20  _____

21  [1] The court notes that plaintiff failed to file and serve her opposition brief within

22  the time frame provided by the local rules and that Boeing has asked the court to strike
    her untimely submission.  *See* LCR 7(d)(3); Dkt. # 63, p. 4.  Because plaintiff is *pro se*,

23  the court has chosen to consider her opposition and related exhibits.  Dkt. ## 59, 61.  The

24  court will not, however, address the series of letters plaintiff sent to the court after the
    deadline to oppose this motion had passed.  Dkt. ## 83-90.  Plaintiff was aware, prior to

25  sending these letters, that the rules do not allow for a second opposition to the motion or a
    reply to the movant's reply.  *See* Order at Dkt. # 82.  Although the court has granted

26  plaintiff some leeway, her *pro se* status does not entitle her to ignore court rules and

27  deadlines.

pp. 9, 17, 20, 29.  Several of plaintiff's coworkers, however, complained to Human Resources that plaintiff was often disrespectful, condescending, hurtful and difficult to work with.  (Vigeland Dec.) Dkt. # 51, ¶¶ 5, 6; Dkt. # 51-1, pp. 8-9, 13, 16.  Indeed, plaintiff admits to making certain remarks to her coworkers that Boeing deemed culturally insensitive.  (Plf. Decl.) Dkt. # 59-1, ¶ 29; (Vigeland Decl.) Dkt. # 51-1, p. 9. These culturally insensitive remarks caused Boeing to suspend plaintiff, without pay, on two separate occasions.  (Doherty Decl.) Dkt. # 52-1, pp. 8, 10.

In March 2012, plaintiff was placed on a Designated Employee Improvement Plan ("Improvement Plan").  The Improvement Plan listed several performance deficiencies, most of which involved plaintiff's communication and working together skills.  (Doherty Decl.) Dkt. # 52-1, pp. 30-31.  Plaintiff refused to sign the plan.  *Id.*

In June 2012, a few months after plaintiff had been placed on the Improvement Plan, she filed a charge with the Equal Employment Opportunity Commission ("EEOC"). She alleged that her supervisors unfairly criticized her work and prevented her from advancing in her career because of her sex.  The EEOC made a "no cause" dismissal of plaintiff's charge. (Vigeland Decl.) Dkt. # 51-1, p. 17.

In January 2013, Boeing gave plaintiff a Notice of Remedial Action ("NORA"), which is a type of "last chance" improvement plan.  (Doherty Decl.) Dkt. # 52-2, pp. 28-29.  Plaintiff was given 45 days to improve her performance.  *Id.*  At the conclusion of this probationary period, Boeing determined that plaintiff had failed to improve and terminated her on March 4, 2013.

Plaintiff generally disputes the allegations of her coworkers and supervisors.  She claims that she is more qualified than most, if not all of them, and that they have lied, defamed, harassed and bullied her.  (Plf. Decl.) Dkt. # 59-1, ¶¶ 48-51.  She alleges that Boeing assigned desirable jobs only to male employees (*id.*, ¶ 11), that Boeing encouraged male employees to develop new ideas (*id.*, ¶ 18), that Boeing only allowed

1  men to join special teams (*id.*, ¶ 21), and that Boeing denied advancement opportunities

2  to plaintiff and other women (*id.*, ¶¶ 23, 29).

3                                   **III. LEGAL STANDARD**

4          Summary judgment is appropriate if there is no genuine dispute as to any material

5  fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

6  56(a).  The moving party bears the initial burden of demonstrating the absence of a

7  genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

8  Where the moving party will have the burden of proof at trial, it must affirmatively

9  demonstrate that no reasonable trier of fact could find other than for the moving party.

10  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  On an issue where the

11  nonmoving party will bear the burden of proof at trial, the moving party can prevail

12  merely by pointing out to the district court that there is an absence of evidence to support

13  the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets

14  the initial burden, the opposing party must set forth specific facts showing that there is a

15  genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby,*

16  *Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most

17  favorable to the nonmoving party and draw all reasonable inferences in that party's favor.

18  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

19          However, the court need not, and will not, "scour the record in search of a genuine

20  issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also,*

21  *White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not

22  "speculate on which portion of the record the nonmoving party relies, nor is it obliged to

23  wade through and search the entire record for some specific facts that might support the

24  nonmoving party's claim").  The opposing party must present significant and probative

25  evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*,

26  952 F.2d 1551, 1558 (9th Cir. 1991).  Uncorroborated allegations and "self-serving

27  testimony" will not create a genuine issue of material fact.  *Villiarimo v. Aloha Island*

1   *Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors*
2   *Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

### IV. ANALYSIS

**A.   <u>Gender Discrimination With Respect To Pay</u>**

**1.   WLAD and Title VII**

In employment discrimination cases where, as here, plaintiff has not attempted to
submit direct evidence of discriminatory intent, the *McDonnell Douglas* burden-shifting
analysis augments the familiar summary judgment standard. *Aragon v. Republic Silver*
*State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002) (citing *McDonnell Douglas Corp.*
*v. Green*, 411 U.S. 792 (1973)).  Although the *McDonnell Douglas* analysis evolved to
address employment discrimination claims invoking federal law, Washington courts
apply substantially the same standard to claims invoking the Washington Law Against
Discrimination ("WLAD").  *Kastanis v. Educ. Emps. Credit Union*, 122 Wash. 2d 483,
490 (1993).  Under the *McDonnell Douglas* framework, plaintiff must offer evidence
supporting a prima face case of unlawful discrimination.  *Id.*  If she succeeds, the burden
shifts to Boeing to produce evidence of a lawful motive for terminating her.  *Id.* at 491.
If Boeing succeeds, plaintiff is obligated to produce evidence that Boeing's stated lawful
motive is pretext.  *Id.*  If there is sufficient evidence of pretext, the case must go to the
jury.  *Id.*

"The requisite degree of proof necessary to establish a prima facie case for Title
VII ... on summary judgment is *minimal* and does not even need to rise to the level of a
preponderance of the evidence."  *Aragon*, 292 F.3d at 659 (quoting *Wallis v. J.R. Simplot*
*Co.*, 26 F.3d 885, 889 (9th Cir. 1994)).  To avoid summary judgment, however, plaintiff
"must do more than establish a prima facie case and deny the credibility of the
[defendant's] witnesses."  *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir.
1996).  Plaintiff must produce "specific, substantial evidence of pretext."  *Id.*  An
employee's subjective personal judgments of her competence alone do not raise a

1  genuine issue of material fact.  *Id.* (citing *Schuler v. Chronicle Broadcasting Co., Inc.*,
2  793 F.2d 1010, 1011 (9th Cir. 1986)).

3      Plaintiff contends that Boeing paid her less than male employees and that they did
4  so because she is a woman.  Am. Coml. ¶ 3.37.  To make out a prima facie case of
5  disparate treatment, she must show that: (1) she belonged to a protected class; (2) she was
6  qualified for her job; (3) she was subjected to an adverse employment action; and (4)
7  similarly situated employees not in her protected class received more favorable treatment.
8  *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002); *Chuang v. Univ. of Cal.*
9  *Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000).

10     Boeing contends that plaintiff cannot meet the fourth prong of her prima facie case
11  because she has failed to identify any proper comparators.  The court agrees.  An
12  adequate comparator in this case would be a male coworker who is similarly situated to
13  plaintiff "in all material respects," including that the plaintiff and the comparator were
14  doing substantially the same work.  *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir.
15  2003) ("[I]ndividuals are similarly situated when they have similar jobs and display
16  similar conduct.").  Plaintiff has identified no such comparator.

17     In her opposition to plaintiff's motion, plaintiff attempts to compare herself to the
18  following individuals:  Giorgio Caioli, Joe Bazaldua, Bruce Dunlap, Pazion Cherinet, Jay
19  Griffin and Elia Fehme.  (Plf.'s Decl.) Dkt. # 59-1, ¶ 48.  These individuals, however,
20  were higher level engineers who were paid on a higher pay scale than plaintiff.
21  (Vigeland Decl.) Dkt. # 51, ¶¶ 24-29.  Mr. Caioli joined Boeing nine years before
22  plaintiff and became a level 4 engineer -- two levels higher than plaintiff -- five years
23  before plaintiff was hired as an entry level engineer (*id.* at ¶ 26); Mr. Bazaldua was a
24  level 3 engineer who joined Boeing fifteen years before plaintiff (*id.* at ¶ 25); Mr. Dunlap
25  originally started at Boeing in 1976 and, after an absence from the company, rejoined
26  Boeing as a level 4 engineer (*id.* at ¶ 28); Mr. Cherinet was a level 3 engineer who also
27  joined Boeing before plaintiff (*id.* at ¶ 29); Mr. Griffin was a level 4 engineer who joined

1  Boeing fourteen years before plaintiff (*id.* at ¶ 27); and Mr. Fehme was plaintiff's lead
2  and acted as her supervisor, not her peer.  (Second Vigeland Decl.) Dkt. # 65, ¶ 8.
3  Plaintiff does not dispute these critical facts.

4         Because plaintiff fails to identify any similarly situated male coworkers who
5  received more favorable treatment, she fails to carry her prima facie burden and her claim
6  fails as a matter of law.  Nevertheless, even if plaintiff could establish a prima facie case
7  of pay discrimination, Boeing has provided a legitimate nondiscriminatory reason for
8  paying the above referenced individuals more than plaintiff – namely, higher level
9  engineers, with more years of experience, were paid according to higher pay scales.
10  (Vigeland Decl.) Dkt. # 51, ¶¶ 19-23.[2]

11        Thus, to make it to the jury, plaintiff must produce "specific, substantial evidence"
12  that Boeing's stated reason for the difference in pay is actually a pretext for gender
13  discrimination.  *Bradley*, 104 F.3d at 270.  She has failed to do so.  Although she appears
14  to argue that Boeing should not have categorized the aforementioned male employees as
15  "higher level" engineers (Dkt. # 59-1, ¶¶ 47-50), she fails to provide any evidentiary
16  support for this contention.  Plaintiff's argument is based entirely on her subjective
17  opinion of her own competence as compared to her coworkers.  Such bare assertions,
18  even if taken as true, do not meet the "specific and substantial" evidence standard.  *See,*
19  *e.g.*, Dkt. # 51-1, p. 19 (plaintiff's bare assertion that Mr. Bazadula is "not qualified for
20  the job"); Dkt. # 59-1, ¶ 48 (plaintiff's unsupported belief that Mr. Caioli, Mr. Bazadula,
21  Mr. Dunlap, and Mr. Cherinet are not engineers).  Indeed, the Ninth Circuit has reiterated
22  time and again that an employee's subjective personal judgments of her competence do
23  not raise a genuine issue of material fact.  *Bradley*, 104 F.3d at 270 ; *see also Aragon*,
24  292 F.3d at 660 (finding that employee's self-assessment may be sufficient at the initial

25  _____

26
27        [2] The court has performed a full *McDonnell Douglas* analysis only for the sake of
     completeness.  All of plaintiff's claims fail at the prima facie stage.

1  prima facie stage, but would be insufficient at the final stage of the *McDonnell Douglas*

2  analysis).

3           Accordingly, Boeing is entitled to summary judgment on these claims.

4       **2.  State and Federal Equal Pay Acts**

5           Plaintiff's claims under the Equal Pay Act fail for the same reason -- she fails to

6  identify a proper comparator. [3]

7           The principle of the Equal Pay Act is that employees doing equal work should be

8  paid equal wages, regardless of sex.  *E.E.O.C. v. Maricopa Cnty. Cmty. Coll. Dist.*, 736

9  F.2d 510, 513 (9th Cir. 1984).  "To establish a prima facie case of wage discrimination, a

10 plaintiff must show that the employer pays different wages to employees of the opposite

11 sex for substantially equal work."  *Id.*  "The Equal Pay Act creates a type of strict

12 liability; no intent to discriminate need be shown."  *Maxwell v. City of Tucson*, 803 F.2d

13 444, 446 (9th Cir. 1986) (quoting *Strecker v. Grand Forks Cnty. Soc. Serv. Bd.*, 640 F.2d

14 96, 99 n. 1 (8th Cir. 1980)).  Once the plaintiff establishes a prima facie case, the burden

15 of persuasion shifts to the employer to show that the wage disparity is permitted by one

16 of the four statutory exceptions to the Equal Pay Act: "(i) a seniority system; (ii) a merit

17 system; (iii) a system which measures earnings by quantity or quality of production; or

18 (iv) a differential based on any other factor other than sex."  29 U.S.C.§ 206(d)(1).  It

19 then becomes plaintiff's burden to demonstrate "a material fact regarding pretext in order

20 to survive summary judgment."  *Baron v. Arizona*, 270 F. App'x 706, 713 (9th Cir.

21 2008).

22          As discussed above, plaintiff has failed to show that her male coworkers were paid

23 higher wages for equal work and that their jobs were substantially equal to hers.  All of

24 the comparators she identified were higher level engineers and, indeed, one of them was

25 _____

26     [3] Because Washington's EPA is virtually identical to its federal counterpart, Washington
   courts have relied upon decisions interpreting the federal act.  *Hudon v. W. Valley Sch. Dist.*, 123
27 Wash. App. 116, 124 (2004).

the team lead and her direct supervisor. Thus, her claim fails at the first step of the burden shifting analysis. Nevertheless, even if she could make out a prima facie case under the state and federal EPAs, Boeing has presented evidence that the pay differentials were based on factors other than sex, including seniority and merit. *See* Dkt. # 51, ¶¶ 19-23 (explaining Boeing's performance evaluation process); Dkt. # 52-1, pp. 1-6, 21-25 (evaluations showing that employees were evaluated systematically according to predetermined criteria). In response, plaintiff has presented no material facts that might show that Boeing's explanation is pretextual.

Accordingly, Boeing is entitled to summary judgment as to these claims.

**B.   Gender Discrimination with Respect to Work Assignments**

**1.   WLAD and Title VII**

Plaintiff also contends that Boeing assigned her "routine, non-challenging jobs" that did not give her sufficient "opportunity to grow," and that Boeing did so because she is a woman. Am. Compl. ¶¶ 3.23-24, 4.2.

The *McDonnell Douglas* burden shifting framework applies to these claims as well. To make out a prima facie case, plaintiff must show that: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees not in her protected class received more favorable treatment. *Kang*, 296 F.3d at 818; *Chuang*, 225 F.3d at 1123.

Plaintiff alleges that Boeing assigned desirable jobs only to male employees (Dkt. # 59-1, ¶ 11), that Boeing encouraged male employees to develop new ideas (*id.*, ¶ 18), that Boeing only allowed men to join a special team to analyze lightening protection for fuel tanks (*id.*, ¶ 21), and that Boeing denied advancement opportunities to other women, including Laura Johnston, Linda Tran, and Nana Ohira (*id.*, ¶¶ 23, 29).

Contrary to the plethora of non-binding authority cited by Boeing, disparate training and work assignments can indeed constitute an "adverse employment action." *See e.g.*, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089-90 (9th Cir. 2008); *Sischo–*

1  *Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991), *superseded*

2  *by statute on other grounds as recognized by Dominguez–Curry v. Nev. Transp. Dep't*,

3  424 F.3d 1027 (9th Cir. 2005).  Nevertheless, plaintiff once more fails to identify

4  adequate comparators and thus fails to meet the fourth prong of her prima facie burden.

5  She broadly contends that she and other women were denied the opportunity to advance,

6  but again directs the court to the higher level engineers discussed above.

7          Nonetheless, even if plaintiff could make out a prima facie case, Boeing has

8  submitted sufficient evidence of a legitimate non-discriminatory reason for any difference

9  in work assignments – namely, that plaintiff was assigned work based upon her work

10  load, skill, and experience level.  (Dufour Decl.) Dkt. # 50, ¶ 4; (Doherty Decl.) Dkt. #

11  52, ¶ 26.  Plaintiff, however, has offered no material facts that might show that this

12  explanation is pretextual.  Again, bald speculation of discriminatory motive and her

13  subjective opinion of her own competence are insufficient.  *See Bradley*, 104 F.3d at 270

14  (finding that an employee's subjective personal judgments of her competence do not raise

15  a genuine issue of material fact); *see also Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th

16  Cir. 1983) ("[M]ere assertions that [an employer] had a discriminatory motivation and

17  intent…[are] inadequate.").

18          Accordingly, Boeing is entitled to summary judgment as to these claims.

19

20

21

22

23

24

25

26

27

**C.   Discriminatory Discharge Based Upon Gender**

Next, plaintiff contends that she was discharged because she is a woman.  Am. Compl. ¶ 4.2.  To establish a prima facie case of discriminatory discharge under Title VII or the WLAD, a plaintiff must show that she "(1) belongs in a protected class, (2) was discharged, (3) was doing satisfactory work, and (4) was replaced by someone not in the protected class." *Campbell v. Obyashi Corp.*, 2009 WL 1393222, at *2 (W.D. Wash. May 18, 2009), aff'd, 424 F. App'x 657 (9th Cir. 2011); *see also Chen v. State*, 86 Wash. App. 183, 189 (1997).

The parties do not dispute that Plaintiff is a member of a protected class (female) and that she was subject to an adverse employment action -- termination.  To make out a prima facie case of disparate treatment, however, plaintiff must also show that she was performing her job in a satisfactory manner and that she was replaced by someone not in her protected class. *Id.*  Although Boeing contends that plaintiff's performance was inadequate, plaintiff's personal observations of her own performance coupled with the positive statements in her evaluations (Dkt. #52-1, pp. 1-6, 21-25) and positive emails from suppliers, customers and coworkers (Dkt. # 61-7) are sufficient to meet the minimal showing required to meet the third element of her prima facie case. *See Aragon*, 292 F.3d at 660 (finding employee's self-assessment coupled with minimal additional evidence sufficient to meet prima facie burden).  She does not, however, make any attempt to show that she was replaced by a male employee and thus fails to meet the fourth element of her prima facie case.

Again, however, even if plaintiff could make out a prima facie case, Boeing has presented ample evidence of a legitimate non-discriminatory reason for terminating her. A number of plaintiff's coworkers expressed significant concerns regarding plaintiff's ability to work well with others.  For example, Nina Ohira, one of plaintiff's female coworkers, advised her superiors that plaintiff had disrespected her educational background and often behaved in a manner that was disrespectful, unpleasant and hurtful.

1   Dkt. # 52-1, p. 13.  Another coworker, Ronald Griffin, stated that plaintiff was often

2   condescending toward him and hurtful.  *Id.*, p. 16.  Mr. Griffin further stated, "Sometimes

3   I wonder why I stay here. I hate to come to work sometimes due to her negative influence

4   on me and others, she makes life miserable." *Id.*  Plaintiff's lead, Elia Fehme, also found

5   her difficult to work with and noted that she was a "major disruption to the group." *Id.*,

6   p. 18.  Plaintiff was also disciplined twice for inappropriate remarks and absenteeism and

7   was subject to two successive employee improvement plans.  Dkt. # 52-1, pp.8-10, 20-26,

8   28-29.  This evidence is sufficient to show a legitimate non-discriminatory reason for her

9   termination.  Accordingly, the burden shifts back to plaintiff.

10        To survive summary judgment, plaintiff must "do more than establish a prima

11   facie case and deny the credibility of the [defendant's] witnesses." *Bradley*, 104 F.3d at

12   270.  She must produce "specific, substantial evidence of pretext." *Id.*  Plaintiff has

13   failed to do so here.  Rather than put forth specific evidence showing that she was

14   discriminated against because of her sex, she simply denies that her performance was

15   deficient and claims that Boeing overreacted in each of the documented instances of her

16   absenteeism, inappropriate remarks and friction with her coworkers.  She fails, however,

17   to submit evidence that supports her position.

18        For example, on one hand she denies that she made derogatory remarks to her

19   lead, Elia Fehme, but then admits in a written statement that she "made a comment one

20   time to [Mr. Fehme] about his culture" and that she mentioned to Mr. Fehme that she

21   "was aware of women in Saudi Arabia not being allowed to drive."  (Vigeland Decl.)

22   Dkt. # 51-1, p. 9.  She also admitted that she asked Mr. Fehme if he was a Christian and

23   later realized that she "should not have made those comments." *Id.*  In response to a

24   corrective action memo issued by Boeing, she hand wrote that "[t]he comment was only

25   two sentences said during a private conversation" and that "[i]t was wrong to make the

26   statement."  (Doherty Decl.) Dkt. # 52-1, p. 8.

27

1    Another one of plaintiff's coworkers, Albert Nguyen, advised Human Resources
2    that she had insulted him.  Mr. Nguyen is Vietnamese.  Plaintiff admits that she told Mr.
3    Nguyen that she was "a native of this country" and, therefore, could make any necessary
4    grammatical changes to documents.  (Plf. Decl.) Dkt. # 59-1, ¶ 29.

5    Plaintiff's opinion that such comments do not qualify as "derogatory" is irrelevant.
6    Boeing felt that her comments were inappropriate and pointed to those comments as part
7    of its stated reason for terminating her.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d
8    1054, 1063 (9th Cir. 2002) ("[C]ourts only require that an employer honestly believed its
9    reason for its actions, even if its reason is foolish or trivial or even baseless.").  To
10   survive summary judgment, plaintiff must submit specific evidence that shows that this
11   stated reason was "unworthy of credence."  *Davis*, 520 F.3d at 1089.  She has simply
12   failed to come forward with any such evidence.

13   Accordingly, Boeing is entitled to summary judgment as to this claim.

14   **D.   Retaliation**

15   To establish a prima facie case of retaliation, plaintiff must demonstrate that (1)
16   she engaged in statutorily protected activity; (2) defendants took some adverse
17   employment action against her; and (3) there is a causal connection between the protected
18   activity and the discharge.  *Corville v. Cobarc Servs., Inc.*, 73 Wash. App. 433, 439
19   (1994); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994).

20   Plaintiff insists that her work was "wonderful" and Boeing's witnesses lied about
21   her job performance.  (Plf.'s Decl.) Dkt. # 59-1, p. 26. Thus, she argues, there could not
22   have been any legitimate basis for her termination and Boeing's decision to fire her must
23   have been an act of retaliation.  *Id.*

24   Such unsupported speculation is insufficient to show retaliation.  *See Miller v.*
25   *State of California*, 212 F. App'x 592, 593 (9th Cir. 2006); *Steckl v. Motorola*, 703 F.3d
26   392, 393 (9th Cir. 1983).  Plaintiff simply fails to meet her burden of demonstrating a
27   causal connection between any protected activity and her termination.

1        Accordingly, Boeing is entitled to summary judgment as to this claim.

2                        **V. CONCLUSION**

3        For all the foregoing reasons, the court GRANTS Boeing's motion for summary

4 judgment.  The Clerk is directed to enter judgment in favor of Boeing and against

5 plaintiff.

6        Dated this 25th day of June, 2015.

7

8

9 _____

10 The Honorable Richard A. Jones
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 14