HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLEN GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY,<br><br>    Defendant. | CASE NO. C13-38 RAJ<br><br>ORDER |

On June 25, 2015, this court entered an order granting summary judgment in favor of defendant, the Boeing Company ("Boeing"). Dkt. ## 91, 92. Plaintiff appealed this order on July 15, 2015. Dkt. # 95. Two days after filing her notice of appeal, on July 18, 2015, she filed a motion for reconsideration of the underlying order dismissing her case. Dkt. # 96. She then filed an amended motion for reconsideration on July 21, 2015. Dkt. ## 98, 101. For the reasons stated below, plaintiff's motion (Dkt. # 98) is DENIED.

By filing an appeal with the Ninth Circuit prior to filing her motion for reconsideration, plaintiff divested the court of jurisdiction "over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However,

ORDER - 1

Federal Rule of Civil Procedure 62.1 permits the court to treat plaintiff's motion as a request for an indicative ruling in certain circumstances:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a); *see also Braun–Salinas v. Am. Family Ins. Grp.*, 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of appeal).

Under this court's Local Rules, plaintiff was required to file any motion for reconsideration within fourteen days after the order to which it relates is filed. LCR 7(h)(2). The subject order was issued on June 25, 2015. Thus, plaintiff was required to file any motion for reconsideration no later than July 9, 2015. She missed that deadline by at least nine days. Accordingly, Rule 62.1 does not apply, and this court lacks jurisdiction to consider the motion for reconsideration.

However, even if this court were to excuse the late filing and consider the motion under Rule 62.1, the Court concludes that the motion for reconsideration is without merit. "Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff's instant motion for reconsideration neither demonstrates manifest legal error, nor does it direct the court to

ORDER - 2

new facts or legal authority that she could not have presented previously in opposition to Boeing's motion. There is nothing in plaintiff's instant motion that persuades the court its prior decision was incorrect. Accordingly, plaintiff's motion for reconsideration (Dkt. # 98) is DENIED.

Dated this 22nd day of July, 2015.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3